**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01857-RM-STV

VANESSA MARTINEZ,

    Plaintiff,

v.

WALMART, INC.,

    Defendant.
_____

**RECOMMENDATION AND ORDER**
_____

Magistrate Judge Scott T. Varholak

    This civil action is before the Court on Defendant Walmart, Inc.'s Motion to Dismiss for Failure to Prosecute (the "Motion") [#29], which has been referred to this Court [#30]. For the following reasons, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED** and that this case be **DISMISSED** for failure to prosecute.

    Plaintiff initiated this action on June 20, 2018 in the Adams County District Court. [#1 at 1] Defendant removed the action to this Court on July 23, 2018. [*See generally* #1] In October 2018, Plaintiff's attorney filed a Motion to Withdraw [#24] based on irreconcilable differences, which the Court granted [#26]. Plaintiff was advised that she was personally responsible for appearing pro se, and for complying with all Court deadlines, Local Rules, and the Federal Rules of Civil Procedure. [##24-1, 26] Plaintiff was also specifically advised of the remaining deadlines in this case. [#24-1] The Court scheduled a Status Conference for October 24, 2018. [#26]

Plaintiff did not make any effort to appear for the October Status Conference. Accordingly, the Court contacted Plaintiff by telephone to enable Plaintiff to appear telephonically at that hearing. [#28] Plaintiff hung up on the Court. [*Id.*] When the Court attempted to contact Plaintiff a second time, again she hung up. [*Id.*] This Court advised Plaintiff that if she continued to refuse to participate in the prosecution of the case, the Court would issue an order to show cause why her case should not be dismissed for failure to prosecute. [*Id.*]

Defendant filed the instant Motion nearly three months later. [#29] In the Motion, Defendant represents that Plaintiff has stopped responding to, or otherwise communicating with, defense counsel. [*Id.* at 2] Plaintiff had advised defense counsel that she intended to dismiss her case and would agree to a stipulation for dismissal. [*Id.* at 1] However, Plaintiff refused to approve, sign, or respond to a proposed stipulation for dismissal proposed by defense counsel. [*Id.*] Because Plaintiff failed to participate in a stipulation for dismissal, Defendant filed the instant Motion. [*Id.*] Plaintiff has not filed a response to the Motion, which was due on February 6, 2019. *See* D.C.COLO.LCivR 7.1(d).

Additionally, Plaintiff has refused to respond to Defendant's written discovery, which was served on November 1, 2018. [#29 at 2] Plaintiff also did not attend her deposition, which Defendant noticed for December 11, 2018. [*Id.*; #29-2]

D.C.COLO.LCivR 41.1 provides:

A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Similarly, Federal Rule of Civil Procedure 41(b) "permit[s] courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders." *Vanmaanen v. N. Plains Trucking*, No. 16-cv-00640-MEH, 2017 WL 491188, at *2 (D. Colo. Feb. 7, 2017) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 616, 630-31 (1962)). In considering dismissal under Rule 41(b) based on a party's failure to comply with a court order, courts in the Tenth Circuit have considered the following five factors, initially set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992): (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *See Quarrie v. N.M. Inst. of Mining & Tech.*, 621 Fed. App'x 928, 931 (10th Cir. 2015). Weighing these factors, the Court recommends that this case be dismissed.

First, Defendant has suffered actual prejudice because of Plaintiff's failures to comply with the Court's rules and attend Court hearings. Specifically, Defendant continues to experience delay and uncertainty in the resolution of the claims against it and the inability to move forward with discovery. Defendant has also incurred defense fees and costs in attending hearings that Plaintiff has refused to participate in, and serving discovery that Plaintiff has failed to respond to. Second, the amount of interference with the judicial process is significant as the Court convened a hearing at which Plaintiff not only failed to appear, but also during which Plaintiff twice hung up on the Court when the Court attempted to enable Plaintiff to appear telephonically. Moreover, Defendant's Motion to Dismiss for Failure to Prosecute remains unanswered,

and despite agreeing that this case should be dismissed, Plaintiff refused to sign a stipulated dismissal. Third, Plaintiff is solely responsible for her failure to participate in discovery, respond to the instant Motion, and attend Court hearings. Fourth, the Court previously warned Plaintiff over three months ago that her failure to participate in the prosecution of the case would result in the Court issuing an order to show cause why this case should not be dismissed for failure to prosecute. [#28] Finally, there does not appear to be any lesser sanction that would be effective as the Court has been unable to elicit any response from Plaintiff despite several attempts and because Plaintiff is refusing to participate in this litigation in any way. Accordingly, this Court respectfully **RECOMMENDS** that this action be **DISMISSED**.[1]

---

[1] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyoming Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the Magistrate Judge's ruling by failing to file objections). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

DATED: February 7, 2019

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge